UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN LEE CARTER,

                Petitioner,

v.

RANDEE REWERTS,

                Respondent.

_____/

Case No. 1:21-cv-183

Honorable Paul L. Maloney

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

I.      **Factual Allegations**

Petitioner John Lee Carter is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan.  On November 5, 2015, following a four-day jury trial in the Gladwin County Circuit Court, Petitioner was convicted of being a felon in possession of a weapon as well as a felon in possession of ammunition, in violation of Mich. Comp. Laws § 750.224f, and the use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. On January 11, 2016, the court sentenced Petitioner as a third habitual offender, Mich. Comp. Laws § 769.11, to concurrent prison terms of 2 years, 10 months to 10 years for each possession count to be served consecutively to a 2-year sentence for felony-firearm.

On February 21, 2021, Petitioner filed a document purporting to be a habeas corpus petition.  (ECF No. 1.)  The Court ordered Petitioner to file an amended petition on the approved court form.  (ECF No. 3.)  Petitioner filed his amended petition on March 19, 2021.  (ECF No. 4.)

This is the seventh habeas action Petitioner has commenced in this Court.  *See Carter v. Rewerts*, No. 1:18-cv-438 (W.D. Mich.) (filed on April 13, 2018; dismissed as unexhausted on April 27, 2018, because Petitioner's application for leave to appeal to the Michigan Supreme Court remained pending); *Carter v. Rewerts*, No. 1:18-cv-810 (W.D. Mich.) (filed on July 24, 2018; dismissed as unexhausted on August 14, 2018, because Petitioner's application for leave to appeal to the Michigan Supreme Court remained pending);  *Carter v. Rewerts*, No. 1:18-cv-1323 (W.D. Mich.) (filed November 15, 2018; dismissed as unexhausted on January 4, 2019, because Petitioner's application for leave to appeal to the Michigan Supreme Court remained

2

pending and because Petitioner had raised some of his habeas issues for the first time on discretionary review before the Michigan Supreme Court); *Carter v. Rewerts*, No. 1:19-cv-141 (W.D. Mich.) (filed on February 21, 2019; dismissed as unexhausted on March 13, 2019, because Petitioner's application for leave to appeal to the Michigan Supreme Court remained pending); *Carter v. Rewerts*, No. 1:19-cv-253 (W.D. Mich.) (filed on March 25, 2019; dismissed as unexhausted on June 21, 2019, even though the Michigan Supreme Court had denied Petitioner's application for leave to appeal, because Petitioner raised issues in his petition that he had not raised at all levels of the state court system and a state court remedy remained); *Carter v. Rewerts*, No. 1:19-cv-308 (W.D. Mich.) (filed on July 3, 2019; dismissed as unexhausted on March 16, 2020, because the petition included issues that Petitioner had not raised at all levels of the state court system and a state court remedy remained).

The Court instructed Petitioner repeatedly that he had failed to exhaust his state court remedies with respect to all of the issues he wanted to raise in his habeas petitions. The Court informed Petitioner what was required to exhaust his remedies: "To properly exhaust his claim[s], Petitioner must file a motion for relief from judgment in the Gladwin County Circuit Court[; i]f his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court." *Carter v. Rewerts*, No. 1:19-cv-308, at p. 7 (W.D. Mich., Mar. 16, 2020). Despite that clear instruction, and despite being advised that the period of limitations would continue to run until he filed his motion for collateral review in the state court, *id*. at p. 9, Petitioner took no steps to exhaust his claims in the state courts. The Court informed Petitioner that if he "diligently pursues his state-court remedies and promptly

returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations." *Id*. Petitioner simply ignored the Court's direction.

Instead of promptly filing a motion for relief from judgment in the trial court, Petitioner appealed this Court's dismissal of his petition. When that appeal had run its course, Petitioner still waited months and then, rather than filing a motion in the state court, Petitioner returned to this Court and, on February 21, 2021, commenced this action.

## II.   Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

4

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on March 5, 2019. Petitioner did not petition for certiorari to the United States Supreme Court, (Am. Pet., ECF No. 4, PageID.224), though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 3, 2019. Accordingly, absent tolling, Petitioner had one year, until June 3, 2020, in which to file his habeas petition.

Petitioner filed his sixth habeas petition, *Carter v. Rewerts*, No. 1:19-cv-308 (W.D. Mich.), on April 11, 2019, before the statute of limitations had even started to run. Petitioner's federal habeas petition, however, did not toll the period of limitation. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (Court held that the limitations period is not tolled during the pendency of a federal habeas petition).

When this Court dismissed Petitioner's sixth habeas petition on March 16, 2020, Petitioner had 79 days remaining in the period of limitation, ample time to file his motion for relief from judgment in the state court, and then return to the federal court after the Michigan Supreme Court resolved Petitioner's application for leave to appeal, according to *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Yet Petitioner took no action to diligently pursue exhaustion of his state court remedies. Even today he has not taken action to exhaust his state court remedies. Instead, he waited almost a year and then returned to this Court. Now, however, it is too late.

5

Petitioner filed his application on February 21, 2021.  Obviously he filed more than one year after the period of limitations began to run.  Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan*, 533 U.S. at 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  There have been no periods of statutory tolling.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly."  *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  A petitioner seeking equitable tolling must show the following: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling.  *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an

extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Particularly here, where the Court has advised Petitioner exactly what he had to do, Petitioner cannot show that he has been pursuing his rights diligently.  The only circumstance that stood in his way to prevent a timely filing was his own stubborn insistence on ***not*** filing a motion for collateral review in state court that would have tolled the period of limitation.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 399-400.

In the instant case, Petitioner claims that he is actually innocent, but he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him.  *Schlup*, 513 U.S. at 327, 329.  Instead—as the Court pointed out to Petitioner when it dismissed his fourth habeas petition—"his assertion of innocence depends upon claims of legal error and his belief that the authorities did not have a valid warrant

or probable cause to search the premises where the firearms and ammunition were discovered."
*Carter v. Rewerts*, No. 1:19-cv-141, at 6 (W.D. Mich. Mar. 13, 2019).  Because Petitioner has
wholly failed to provide evidence of his actual innocence, he would not be excused from the statute
of limitations under 28 U.S.C. § 2244(d)(1).  His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an
adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.
*See Day,* 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020).  The
Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as
untimely.

An order consistent with this opinion will be entered.


Dated:   March 31, 2021                              /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge

8