UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN LEE CARTER,

                       Petitioner,                 Case No. 1:21-cv-183

v.                                       Honorable Paul L. Maloney

RANDEE REWERTS,

                       Respondent.
_____/

## **OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concluded that the petition was barred by the one-year statute of limitations. Nonetheless, the Court permitted Petitioner, by way of an order to show cause (ECF Nos. 5, 6), an opportunity

to demonstrate why his petition should not be dismissed as untimely.  Petitioner has filed his response.  (ECF No. 7.)

## Discussion

### I.      Factual Allegations

Petitioner John Lee Carter is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan.  On November 5, 2015, following a four-day jury trial in the Gladwin County Circuit Court, Petitioner was convicted of being a felon in possession of a weapon as well as a felon in possession of ammunition, in violation of Mich. Comp. Laws § 750.224f, and the use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. On January 11, 2016, the court sentenced Petitioner as a third habitual offender, Mich. Comp. Laws § 769.11, to concurrent prison terms of 2 years, 10 months to 10 years for each possession count to be served consecutively to a 2-year sentence for felony-firearm.

On February 21, 2021, Petitioner filed a document purporting to be a habeas corpus petition.  (ECF No. 1.)  The Court ordered Petitioner to file an amended petition on the approved court form.  (ECF No. 3.)  Petitioner filed his amended petition on March 19, 2021.  (ECF No. 4.)

This is the seventh habeas action Petitioner has commenced in this Court.  *See Carter v. Rewerts*, No. 1:18-cv-438 (W.D. Mich.) (filed on April 13, 2018; dismissed as unexhausted on April 27, 2018, because Petitioner's application for leave to appeal to the Michigan Supreme Court remained pending); *Carter v. Rewerts*, No. 1:18-cv-810 (W.D. Mich.) (filed on July 24, 2018; dismissed as unexhausted on August 14, 2018, because Petitioner's application for leave to appeal to the Michigan Supreme Court remained pending); *Carter v. Rewerts*, No. 1:18-

cv-1323 (W.D. Mich.) (filed November 15, 2018; dismissed as unexhausted on January 4, 2019, because Petitioner's application for leave to appeal to the Michigan Supreme Court remained pending and because Petitioner had raised some of his habeas issues for the first time on discretionary review before the Michigan Supreme Court); *Carter v. Rewerts*, No. 1:19-cv-141 (W.D. Mich.) (filed on February 21, 2019; dismissed as unexhausted on March 13, 2019, because Petitioner's application for leave to appeal to the Michigan Supreme Court remained pending); *Carter v. Rewerts*, No. 1:19-cv-253 (W.D. Mich.) (filed on March 25, 2019; dismissed as unexhausted on June 21, 2019, even though the Michigan Supreme Court had denied Petitioner's application for leave to appeal, because Petitioner raised issues in his petition that he had not raised at all levels of the state court system and a state court remedy remained); *Carter v. Rewerts*, No. 1:19-cv-308 (W.D. Mich.) (filed on July 3, 2019; dismissed as unexhausted on March 16, 2020, because the petition included issues that Petitioner had not raised at all levels of the state court system and a state court remedy remained).

The Court instructed Petitioner repeatedly that he had failed to exhaust his state court remedies with respect to all of the issues he wanted to raise in his habeas petitions. The Court informed Petitioner what was required to exhaust his remedies: "To properly exhaust his claim[s], Petitioner must file a motion for relief from judgment in the Gladwin County Circuit Court[; i]f his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court." *Carter v. Rewerts*, No. 1:19-cv-308, at p. 7 (W.D. Mich., Mar. 16, 2020). Despite that clear instruction, and despite being advised that the period of limitations would continue to run until he filed his motion for collateral review in the state court, *id*. at p. 9, Petitioner took no steps to exhaust his claims in the state courts. The

Court informed Petitioner that if he "diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations." *Id*. Petitioner simply ignored the Court's direction.

Instead of promptly filing a motion for relief from judgment in the trial court, Petitioner appealed this Court's dismissal of his petition.  When that appeal had run its course, Petitioner still waited months and then, rather than filing a motion in the state court, Petitioner returned to this Court and, on February 21, 2021, commenced this action.

## II.    Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

4

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on March 5, 2019.  Petitioner did not petition for certiorari to the United States Supreme Court, (Am. Pet., ECF No. 4, PageID.224), though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on June 3, 2019.  Accordingly, absent tolling, Petitioner had one year, until June 3, 2020, in which to file his habeas petition.

Petitioner filed his sixth habeas petition, *Carter v. Rewerts*, No. 1:19-cv-308 (W.D. Mich.), on April 11, 2019, before the statute of limitations had even started to run.  Petitioner's federal habeas petition, however, did not toll the period of limitation.  *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (Court held that the limitations period is not tolled during the pendency of a federal habeas petition).

When this Court dismissed Petitioner's sixth habeas petition on March 16, 2020, Petitioner had 79 days remaining in the period of limitation, ample time to file his motion for relief from judgment in the state court, and then return to the federal court after the Michigan Supreme Court resolved Petitioner's application for leave to appeal, according to *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Yet Petitioner took no action to diligently pursue exhaustion of his state court remedies.  Even today he has not taken action to exhaust his state court remedies. Instead, he waited almost a year and then returned to this Court.  Now, however, it is too late.

Although the date the conviction becomes final is frequently the date that the period of limitation begins to run, it is not the only date.  Subparagraphs b, c, and d, offer alternative dates:  under subparagraph b, if the petitioner is impeded in filing his petition by the state; under subparagraph c, if the right upon which the claim is based is not recognized by the Supreme Court before judgment is entered; or under subparagraph c, if the claim depends on new evidence which could not have been discovered through the exercise of due diligence.

Petitioner's attempt to show cause suggests he might be entitled to an alternative date for the commencement of the period of limitation.  He provides an affidavit from Kim Holtz. Ms. Holtz effectively commenced the investigation that culminated in Petitioner's convictions when she complained to police that Petitioner had pointed a gun at her.  That complaint prompted the issuance of a search warrant seven weeks later.  Execution of the search warrant turned up the guns and ammunition, the possession of which resulted in Petitioner's convictions.  Petitioner was also initially charged with felonious assault against Ms. Holtz.  That charge was dropped, however, when she failed to show up for Petitioner's preliminary examination.

Ms. Holtz's affidavit is somewhat cryptic.  It appears she is claiming that, when she called police she was not reporting that Petitioner had pointed a gun at her, but merely asking what would be done if Petitioner pointed a gun at her.  (Aff., ECF No. 7-1, PageID.257.)  It is difficult to square that recantation with the investigation that followed Ms. Holtz's hypothetical question. (Police Rep., ECF No. 1-4, PageID.134–136.)  Nonetheless, even if the affidavit is true and the police simply misconstrued Ms. Holtz's hypothetical report, it would not provide a later date for the commencement of the period of limitation.  Ms. Holtz's affidavit was signed on September 14, 2016, before briefing was even complete on Petitioner's direct appeal to the Michigan Court of

6

Appeals.  Because that date precedes the date the convictions became final, subparagraph d would not afford Petitioner any relief.

Petitioner filed his application on February 21, 2021.  Obviously he filed more than one year after the period of limitations began to run.  Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan*, 533 U.S. at 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  There have been no periods of statutory tolling.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly."  *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  A petitioner seeking equitable tolling must show the following: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not

warrant tolling.  *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Particularly here, where the Court had advised Petitioner exactly what he had to do, Petitioner cannot show that he has been pursuing his rights diligently.  The only circumstance that stood in his way to prevent a timely filing was his own stubborn insistence on ***not*** filing a motion for collateral review in state court that would have tolled the period of limitation.  Moreover, the addition of Ms. Holtz's affidavit does not change that calculus.  Petitioner has been even less diligent in presenting that issue to the Court than he has been in presenting his habeas issues generally.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'"  *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 399–400.

In the instant case, Petitioner may claim that he is actually innocent, but he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Ms. Holtz's affidavit does not suffice. First, it is not new evidence. He has held it for years. Second, it does not demonstrate his innocence. It might call into question a conviction for felonious assault on October 18, 2014. But Petitioner was not convicted of that charge; it was dismissed after the preliminary examination.

At best, the affidavit provides a tenuous basis to challenge the report that eventually led to the search warrant that led to the weapons and Petitioner's convictions. But—as the Court pointed out to Petitioner when it dismissed his fourth habeas petition—"his assertion of innocence depends upon claims of legal error and his belief that the authorities did not have a valid warrant or probable cause to search the premises where the firearms and ammunition were discovered." *Carter v. Rewerts*, No. 1:19-cv-141, at 6 (W.D. Mich. Mar. 13, 2019). Because Petitioner has wholly failed to provide evidence of his ***actual*** innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

Petitioner has failed to show cause to excuse the tardy filing of his habeas petition. Therefore, the Court will enter judgment dismissing the petition with prejudice.

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

9

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. It is only timely if the period of limitation is equitably tolled. The period can only be equitably tolled if Petitioner demonstrates diligence in the pursuit of his rights. Petitioner has not shown such diligence, at all. Moreover, Petitioner has not demonstrated his actual innocence. Therefore, a certificate of appealability will be denied.

Although the Court concludes that Petitioner has not made a substantial showing of a denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

An order consistent with this opinion will be entered.

Dated:   May 6, 2021                                    /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge

10